UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMAD ISLAM, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>LYFT, INC.,<br><br>                              Defendant. | Case No. 1:20-cv-03004<br><br>**District Judge Ronnie Abrams**<br><br>**DECLARATION OF JEANNIE LIEU IN SUPPORT OF LYFT'S MOTION TO COMPEL ARBITRATION** |

I, Jeannie Lieu, declare as follows:

1.      I am employed by Lyft, Inc. ("Lyft") as a Senior Litigation Paralegal. In that role, I am familiar with the Lyft Terms of Service Agreement—which governs the use of Lyft's mobile-based ridesharing platform—and the process by which drivers may opt out of its arbitration provision.

2.      The following facts are based on my personal knowledge and review of Lyft records. If called upon to testify as a witness, I could and would testify competently to the truth.

*Lyft's Inclusion of an Opt-Out Provision in its Terms of Service*

3.      On February 6, 2018, Lyft updated its Terms of Service. The February 6, 2018 Terms of Service Agreement included an arbitration opt-out provision. That provision stated, in pertinent part:

> As a Driver or Driver applicant, you may opt out of the requirement to arbitrate Driver Claims defined in Section 17(e)(3) (except as limited by Section 17(i) above) pursuant to the terms of this subsection if you have not previously agreed to an arbitration provision in Lyft's Terms of Service where you had the opportunity to opt out of the requirement to arbitrate. If you have previously agreed to such an arbitration provision, you may opt out of any revisions to your prior arbitration agreement made by this provision in the manner specified below, but opting out of this arbitration provision has no effect on any previous,

1

other, or future arbitration agreements that you may have with Lyft. If you have not previously agreed to such an arbitration provision and do not wish to be subject to this Arbitration Agreement with respect to Driver Claims, you may opt out of arbitration with respect to such Driver Claims, other than those in a Pending Settlement Action, by notifying Lyft in writing of your desire to opt out of arbitration for such Driver Claims

. . . .

In order to be effective, (A) the writing must clearly indicate your intent to opt out of this Arbitration Agreement with respect to Driver Claims that are not part of a Pending Settlement Action, (B) the writing must include the name, phone number, and email address associated with our User Account, and (C) the email or envelope containing the signed writing must be sent within 30 days of the date this Agreement is executed by you. Should you not opt out within the 30-day period, you and Lyft shall be bound by the terms of this Arbitration Agreement in full (including with respect to Driver Claims that are not part of a Pending Settlement Action).

4.	On August 26, 2019, Lyft again updated its Terms of Service Agreement. The August 26, 2019 Terms of Service Agreement contains an arbitration opt-out provision, which states, in pertinent part:

As a Driver or Driver applicant, you may opt out of the requirement to arbitrate Driver Claims defined in Section 17(e)(3) (except as limited by Section 17(i) above) pursuant to the terms of this subsection if you have not previously agreed to an arbitration provision in Lyft's Terms of Service where you had the opportunity to opt out of the requirement to arbitrate. If you have previously agreed to such an arbitration provision, you may opt out of any revisions to your prior arbitration agreement made by this provision in the manner specified below, but opting out of this arbitration provision has no effect on any previous, other, or future arbitration agreements that you may have with Lyft. If you have not previously agreed to such an arbitration provision and do not wish to be subject to this Arbitration Agreement with respect to Driver Claims, you may opt out of arbitration with respect to such Driver Claims, other than those in a Pending Settlement Action, by notifying Lyft in writing of your desire to opt out of arbitration for such Driver Claims, which writing must be dated, signed and delivered by electronic mail to arbitrationoptout@lyft.com.

In order to be effective, (A) the writing must clearly indicate your intent to opt out of this Arbitration Agreement with respect to Driver Claims that are not part of a Pending Settlement Action, (B) the writing must include the name, phone number, and email address associated with your User Account, and (C) the email containing the signed writing must be sent within 30 days of the date this Agreement is executed by you. Should you not opt out within the 30-day period, you and Lyft shall be bound by the terms of this Arbitration Agreement in full (including with respect to Driver Claims that are not part of a Pending Settlement Action). As provided in paragraph 17(i) above, any opt out that you

2

submit shall not apply to any Driver Claims that are part of a Pending Settlement Action and your Driver Claims in any such Pending Settlement Action shall continue to be governed by the arbitration provisions that are contained in the applicable Lyft Terms of Use that you agreed to prior to the effective date of this Agreement.

### *Storage of Arbitration Opt-Outs*

5. Lyft maintains records of communications from drivers and driver applicants indicating their intent to opt out of the arbitration provision in Lyft's Terms of Service. As a litigation paralegal for Lyft, I have access to these records and have reviewed them in relation to this case.

### *Mr. Islam Did Not Validly Opt Out from the February 6, 2018 Terms of Service or the August 26, 2019 Revisions To the Arbitration Provision*

6. According to Lyft's business records, Mr. Islam first agreed to Lyft's February 6, 2018 Terms of Service Agreement on May 3, 2018. Mr. Islam then accepted that Agreement twice again on July 5, 2019 and July 11, 2019.

7. Mr. Islam did not opt out of the arbitration provision in the February 6, 2018 Terms of Service Agreement by submitting any writing within 30 days of accepting that terms of service Agreement of his decision to opt out as required by the opt-out provision in the Terms of Service.

8. According to Lyft's business records, Mr. Islam first agreed to Lyft's August 26, 2019 Terms of Service Agreement on September 8, 2019.

9. Mr. Islam did not opt out of the arbitration provision in the August 26, 2019 Terms of Service Agreement by submitting any writing within 30 days of accepting that Terms of Service Agreement of his decision to opt out as required by the opt-out provision in the Terms of Service.

10. Mr. Islam submitted an electronic message on November 14, 2019, indicating his intent to opt out of the arbitration provision, which at that time was the provision found in Lyft's August 26, 2019 Terms of Service Agreement.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of July, 2020 in San Francisco, California.

_____
Jeannie Lieu