USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 06/28/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MD ISLAM, *on behalf of himself and those similarly situated*,

Plaintiff,

v.

LYFT, INC.,

Defendant.

---

20-CV-3004 (RA)

MEMORANDUM
OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

On March 9, 2021, the Court granted Defendant Lyft, Inc.'s motion to compel arbitration. *See* Dkt. 43; *Islam v. Lyft, Inc.*, --- F. Supp. 3d ---, 2021 WL 871417 (S.D.N.Y. Mar. 9, 2021). The Court agreed with Plaintiff that as a Lyft driver, he belonged to a nationwide "class of workers engaged in . . . interstate commerce," 9 U.S.C. § 1, such that the Federal Arbitration Act could not be the basis to mandate his compliance with his contract's arbitration provision. But the Court found that New York law furnished an alternative basis to enforce the provision, and accordingly granted Lyft's motion. *See* Dkt. 43 at 26–31. Plaintiff now moves for reconsideration of the Court's decision to compel arbitration or, in the alternative, for an order permitting him to take an interlocutory appeal to the United States Court of Appeals for the Second Circuit. *See* Dkt. 45. Plaintiff argues that the Court committed clear error by compelling arbitration under state law after finding the FAA to be inapplicable, given the parties' "express choice of law" for the FAA to apply to the arbitration provision. Plaintiff further asks the Court to either (a) lift the stay and dismiss the action, such that he may properly take an appeal now; or (b) certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Lyft opposed the motion on

April 20, 2021. *See* Dkt. 48. For the following reasons, the motion for reconsideration is denied. The Court will, however, certify its March 9, 2021 order, Dkt. 43, for interlocutory appeal.

## DISCUSSION

The Court assumes familiarity with the background of this case, as documented in the Court's prior opinion. Dkt. 43; *Islam*, 2021 WL 871417, at *1–*6.

### I.    Legal Standard

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). To prevail, the movant must identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). A district court commits clear error when a reviewing court would be "left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (citation omitted). The standard on a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Ultimately, whether to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 888 F. Supp. 2d 478, 483 (S.D.N.Y. 2012).

Section 1292(b) of Title 28 governs the certification by a district court of an interlocutory appeal, and presents a limited exception to the "basic tenet of federal law" that appellate review should be delayed until final judgment is entered. *Koehler v. Bank of Bermuda Ltd.,* 101 F.3d 863, 865 (2d Cir.1996). Under this statutory provision, a district court may certify for appeal an otherwise non-appealable order when the court concludes that the order "[1] involves a

controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## II.   Plaintiff's Motion for Reconsideration is Denied

Plaintiff first argues that the Court clearly erred in relying on New York law as an alternative basis for compelling arbitration after finding that the FAA did not apply, where the contract expressly provided that the arbitration agreement was "governed by" the FAA. Plaintiff reemphasizes his argument, which was fully briefed and discussed at oral argument, that the parties' agreement that the arbitration provision would be "governed by" the FAA meant that any motion to compel arbitration "rises or falls with the application of the FAA." Dkt. 45 at 3.

The Court considered this to be a close question, but ultimately found Lyft to have the stronger position. *See Islam*, 2021 WL 871417, at *14 ("The fact that the arbitration clause is 'governed by the FAA' does not [render the clause unenforceable where the FAA does not apply], because it does not plausibly suggest that the parties intended for the clause to be discarded in the event that the FAA was found inapplicable."). The Court was guided by the decisions of Judge Chin in *Valdes v. Swift Trans. Corp.*, 292 F. Supp. 2d 524 (S.D.N.Y. 2003), Judge Wexler in *Diaz v. Michigan Logistics Co.*, 167 F. Supp. 3d 375 (E.D.N.Y. 2016), and Judge Amon in *Burgos v. Ne. Logistics, Inc.*, No. 15-CV-6840 (CBA), 2017 WL 10187756 (E.D.N.Y. Mar. 30, 2017), each of which compelled arbitration under state law on the assumption that the Section One transportation worker exemption precluded the application of the FAA. In *Diaz* and *Burgos*, in particular, the courts reached these conclusions notwithstanding that the arbitration agreement in question, like the one here, was "governed by" the FAA. *Diaz*, 167 F. Supp 3d at 378–379; *Burgos*, 2017 WL 10187756, at *1.

Plaintiff urges the Court to reconsider. Although he does not point to any controlling, on point case law that mandates a different conclusion, he asserts that in light of the parties' selection of the FAA as governing the arbitration agreement, applying state law where the FAA does not apply would amount to "rewriting [the parties'] contract and . . . impos[ing] additional terms." Dkt. 45 at 3 (quoting *Salvano v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 85 N.Y.2d 173, 182 (1995)). He maintains that "[w]here the clear language of an express choice-of-law clause is found inapplicable, it is not the case that a choice of law was not made, or that such clause is severed." *Id*. at 4. And "[w]here parties have expressed their intent to apply a certain law,"—in this case, the FAA—"the Court may not override the parties' intent and impose a choice-of-law analysis against the clear language of the contract." *Id*. at 5 (citing *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 51 (2d Cir. 2004) (choice-of-law clauses governing arbitration agreements must be honored)). Because the arbitration provision cannot be enforced pursuant to the FAA, and the provision is "governed by" the FAA, he argues that it simply cannot be enforced.

Plaintiff's arguments are well-taken, but the Court will adhere to its prior ruling, finding that the balance of authority continues to weigh in favor of its decision to compel arbitration under New York law. The implication of the Court's finding that Plaintiff belonged to a class of workers engaged in interstate commerce, and thus that the Section One exemption applies, was only that the FAA's "enforcement mechanisms [were not] available, not that the whole dispute [could not] be arbitrated by enforcing the contract through another vehicle (like state law)." *Atwood v. Rent-A-Ctr. E., Inc.*, No. 15-CV-1023 (MJR), 2016 WL 2766656, at *3 (S.D. Ill. May 13, 2016). For that reason, a number of courts have compelled arbitration under state law where the FAA was found or assumed not to apply, even where the arbitration clause in question was expressly governed by the FAA. *See Diaz,* supra; *Burgos*, supra; *Espinosa v. SNAP Logistics*

*Corp.*, No. 17 CIV. 6383 (AT), 2018 WL 9563311, at *5, n.3 (S.D.N.Y. Apr. 3, 2018) ("The fact

that the Agreement states that the parties will arbitrate disputes 'in accordance with the FAA,'

does not, as Plaintiff argues, make the Agreement unenforceable under state law" if the FAA

transportation worker exemption applies.); *Atwood*, 2016 WL 2766656, at *3 ("[E]ven when the

contract says that the Federal Arbitration Act applies and mentions no other law[,] if the federal

act doesn't apply, the agreement to arbitrate remains viable, and the only question becomes what

state's law applies to the contract to arbitrate."); *Michel v. Parts Auth., Inc.*, No. 15-CV-5730

(ARR), 2016 WL 5372797, at *3–4 (E.D.N.Y. Sept. 26, 2016) ("Nor do I find that, as plaintiff

would have it, the FAA is the *only* statute that governs the parties' agreement simply because the

parties cited to it in that agreement."); *see also Byars v. Dart Transit Co.*, 414 F. Supp. 3d 1082,

1088 (M.D. Tenn. 2019) (M.D. Tenn. Nov. 5, 2019) (rejecting plaintiff's argument that, where

the arbitration provision was "governed by" the FAA, it "cannot be enforced under state law

because the parties intended that the FAA was the *only* law that applied to those agreements").

Plaintiff argues that *Diaz*, as well as other cases that relied on Judge Chin's decision *Valdes*,

misapplied *Valdes*, since the contract in *Valdes* did not include an express choice-of-FAA

provision. Dkt. 45 at 8; Dkt. 49 at 8. This is a valid criticism of the post-*Valdes* decisions.

Nonetheless, although the Court accepts that the issue as to how to enforce a contractual

provision that elects to be governed by the FAA when the FAA is found to be inapplicable is

subject to reasonable debate, it agrees with Lyft that "in the absence of any contrary controlling

authority, Islam's attempt to argue that this Court, Judge Wexler (*Diaz*), Judge Torres

(*Espinosa*), Judge Amon (*Burgos*), Judge Ross (*Michel*), and Judge Ramos (*Zambrano*) *all*

committed *clear error* is hard to swallow." Dkt. 48 at 5. Plaintiff thus has not established that

applying New York law under these circumstances was "clear error" or a "manifest

injustice." *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255.

Plaintiff also argues that the Court "failed to fully consider the application of CPLR 7515 as a bar to arbitration under New York arbitration law, as the arbitration provision at issue is void because it requires arbitration of discrimination claims, regardless of whether Plaintiff brings such a claim." Dkt. 45 at 1. But the Court already considered and rejected this argument, *see* Dkt. 43 at 27 n.7., and Plaintiff does not bring forth any new authority to suggest that the Court's initial interpretation was erroneous, much less clearly so.

For these reasons, Plaintiff's motion for reconsideration is denied.

### III.    A Stay, Rather Than a Dismissal, is Appropriate When Compelling Arbitration under New York Law

Plaintiff next argues that, if the Court denies reconsideration, it should nonetheless lift the stay and dismiss the action, thus permitting Plaintiff to take an appeal. Plaintiff notes that in directing that the action should be stayed, the Court cited to *Katz v. Cellco P'ship*, 794 F.3d 341 (2d Cir. 2015), which held that the FAA requires a stay of proceedings when all claims are referred to arbitration and a stay is requested by the defendant. It is true that *Katz* was a decision interpreting the FAA, and here, this Court found the FAA to be inapplicable. Plaintiff accordingly argues that the Court may permissibly dismiss rather than stay the action. Dkt. 45 at 11 ("Plaintiff is exempt under the FAA, so the Court's stay cannot be issued pursuant to Article 3 of the FAA. Accordingly, issuance of a stay is not mandatory.").

This argument nonetheless fails, because New York law also provides that an order compelling arbitration "shall operate to stay a pending or subsequent action, or so much of it as is referable to arbitration." NY CPLR § 7503(a). *See also Zambrano v. Strategic Delivery Sols., LLC*, No. 15 CIV. 8410 (ER), 2016 WL 5339552, at *10 (S.D.N.Y. Sept. 22, 2016) ("New York law mandates a stay when a motion to compel arbitration is granted.") (citing *Dissolution of Princeton Info., Ltd.*, 652 N.Y.S.2d 272, 273 (1st Dep't 1997) ("[I]t was error to dismiss the

proceeding, rather than stay it, since a judicial action may be required after the arbitration.")).

Accordingly, the fact that arbitration was compelled under state law rather than under the FAA

does not mean that the Court should have dismissed rather than stayed the action.

## IV.   Interlocutory Appeal

Finally, Plaintiff asks the Court to certify an appeal from its interlocutory order

compelling arbitration. "When a district judge, in making in a civil action an order not otherwise

appealable under this section, shall be of the opinion that such order involves [1] a controlling

question of law [2] as to which there is substantial ground for difference of opinion and [3] that

an immediate appeal from the order may materially advance the ultimate termination of the

litigation, [s]he shall so state in writing in such order." 28 U.S.C. § 1292(b). "A court certifying a

decision for interlocutory appeal must be of the opinion that all three of these statutory

conditions are met." *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, No. 11 CIV.

5968 CM, 2012 WL 2952929, at *3 (S.D.N.Y. July 18, 2012).

The Court agrees with Plaintiff that its March 9, 2021 opinion and order meets the criteria

set out in Section 1292(b), and accordingly will certify the order for interlocutory appeal.

Although, if the Second Circuit agrees to hear this appeal, it "may address any issue fairly

included within the certified order," *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205

(1996), the Court identifies the following two questions as being potentially appropriate for

resolution by the Court of Appeals:

1.   Does a driver for a national ridesharing platform belong to a "class of workers engaged in
. . . interstate commerce," 9 U.S.C. § 1, such that the Federal Arbitration Act is
inapplicable to the driver's contract of employment?

2.   Where an arbitration clause is "governed by" the Federal Arbitration Act, but the FAA is
found not to apply, may the arbitration provision be enforced under state law?

The Court is satisfied that such an appeal would be in accordance with the statutory requirements of Section 1292. First, the order involves a "controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Although "a question of law is [generally] 'controlling' if reversal of the district court's order would terminate the action," a district may also consider the "system-wide costs and benefits of allowing the appeal," including "the impact that an appeal will have on other cases." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990). Courts thus consider whether "clear guidance from the Circuit would aid district courts in a large number of cases." *Whyte v. Wework Companies, Inc.*, No. 20-CV-1800 (CM), 2020 WL 4383506, at *2 (S.D.N.Y. July 31, 2020). *See also Peters v. Jinkosolar Holding Co.*, No. 11 CIV. 7133 (JPO), 2012 WL 946875, at *14 (S.D.N.Y. Mar. 19, 2012) (in evaluating whether an order presents a "controlling question of law," courts should consider whether "the certified issue has precedential value for a large number of cases").

Here, neither affirmance nor reversal of the Court's order would terminate the action. If arbitration is compelled, either under the FAA or state law, the action will continue to be stayed pending the resolution of the arbitration. *See Katz*, 794 F.3d at 344–347; *Zambrano*, 2016 WL 5339552, at *10. If, by contrast, the Circuit were to reverse, holding that Plaintiff cannot be compelled to arbitrate, the parties would avoid arbitration but would proceed to litigate the action in the normal course in federal court. Nonetheless, if the Circuit decides to hear this appeal, it would provide valuable guidance to a great number of litigants and lower court judges. The Second Circuit has not addressed whether rideshare drivers fall under the transportation-worker exemption of 9 U.S.C. § 1, and to the Court's knowledge, no appellate court has squarely

answered the question, either.[1] Nor has the Second Circuit squarely addressed the impact of a finding that the FAA does not apply to a contract whose arbitration provision is "governed by" the FAA, despite the fact that this issue has repeatedly arisen in district court litigation.

These frequently litigated issues have divided courts in recent years, suggesting the existence of substantial grounds for differences of opinion. On the question of whether rideshare drivers belong to a class of workers engaged in interstate commerce, compare *Osvatics v. Lyft, Inc.*, No. 20-CV-1426 (KBJ), 2021 WL 1601114 (D.D.C. Apr. 22, 2021); *Rogers v. Lyft, Inc.*, 452 F. Supp. 3d 904, 916 (N.D. Cal. 2020); *Capriole v. Uber Techs., Inc.*, 460 F. Supp. 3d 919, 932 (N.D. Cal. 2020); *Grice v. Uber Techs., Inc.*, No. 18-cv-2995, 2020 WL 497487, at *9 (C.D. Cal. Jan. 7, 2020); *Hinson v. Lyft, Inc.*, No. 20-cv-2209, 2021 WL 838411, at *7 (N.D. Ga. Feb. 26, 2021); *Aleksanian v. Uber Techs. Inc.*, No. 19-cv-10308 (ALC), 2021 WL 860127, at *9 (S.D.N.Y. Mar. 8, 2021)—all of which held that drivers for Lyft or Uber were not exempt under Section One of FAA—with *Cunningham v. Lyft, Inc.*, 450 F. Supp. 3d 37, 47 (D. Mass. 2020); *Islam*, 2021 WL 871417, at *12; *Haider v. Lyft, Inc.*, No. 20-cv-2997 (AJN), 2021 WL 1226442, at *4 (S.D.N.Y. Mar. 31, 2021), which came out the other way. On the question of whether, when the FAA is inapplicable, an arbitration clause "governed by" the FAA may still

---

[1] *See Haider v. Lyft, Inc.*, No. 20-cv-2997 (AJN), 2021 WL 1226442, at *2 (S.D.N.Y. Mar. 31, 2021) ("No circuit court has decided whether rideshare drivers fall within the exemption for transportation workers."). Although the Ninth Circuit, in *In re Grice*, 974 F.3d 950 (9th Cir. 2020), denied a mandamus petition seeking reversal of the district court's holding that Uber drivers do not qualify for the Section One exemption, it was applying the highly deferential standard of review for mandamus petitions. *See Grice*, 974 F.3d at 958-959 (citation omitted) ("[E]ven accepting that there are some tensions between the district court's ruling and recent circuit cases addressing the scope and application of the FAA's § 1 exemption clause, that tension is not enough to render the district court's decision clear error as a matter of law, the necessary condition for granting a writ of mandamus."). The Third Circuit faced the question in *Singh v. Uber Techs. Inc.*, 939 F.3d 210 (3d Cir. 2019), but held that the pleadings alone did not reveal whether Uber drivers were engaged in interstate commerce, and accordingly remanded for discovery.

be enforced under state law, compare *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904, 921 (9th Cir. 2020); *Hamrick v. Partsfleet, LLC*, 411 F. Supp. 3d 1298 (M.D. Fla. 2019*), rev'd in part, appeal dismissed in part*, No. 19-13339, 2021 WL 2546405 (11th Cir. June 22, 2021); *Martins v. Flowers Foods, Inc.*, 463 F. Supp. 3d 1290, 1299 (M.D. Fla. 2020), with *Islam*, 2021 WL 871417, at *14 (S.D.N.Y. Mar. 9, 2021); *Espinosa*, 2018 WL 9563311, at *5; *Burgos*, 2017 WL 10187756, at *4; *Diaz*, 167 F. Supp. 3d at 375. The relative strengths and weaknesses of the different positions on these questions were discussed at length in the Court's March 9, 2021 opinion and order. Although the Court sided with Plaintiff on the first question, and with Lyft on the second, each party has taken reasonable positions with substantial support in the case law and general principles of arbitration procedure and contractual interpretation.

Finally, the Court finds that an interlocutory appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). If the Second Circuit hears the appeal and holds that Plaintiff cannot be compelled to arbitrate, it will have saved the parties the expense and burden of arbitration, and allow the case to proceed to resolution in district court. The Court is mindful of the fact that an interlocutory appeal could also work to prolong the litigation, *see Murray v. UBS Secs., LLC*, 2014 WL 1316472, at *7 (S.D.N.Y. Apr. 1, 2014),[2] and that some courts have found that "the mere possibility that a reversal of the Court's order would [advance the termination of the litigation] is insufficient to meet this third element" of Section 1292(b), *In re Goldman Sachs Grp., Inc., Secs. Litig.*, 2014 WL 5002090, at *2 (S.D.N.Y. Oct. 7, 2014). But the Court also takes note of the "system-wide costs and benefits of

---

[2] *But see In re A2P SMS Antitrust Litig.*, No. 12-CV-2656 (AJN), 2015 WL 876456, at *6 (S.D.N.Y. Mar. 2, 2015) (certifying an interlocutory appeal of an order compelling arbitration and distinguishing *Murray* as a case that did not "implicate a question for which there was such divergent and competing authority").

allowing the appeal," including "the impact that an appeal will have on other cases." *Klinghoffer,* 921 F.2d at 24. Litigation involving ridesharing platforms is ubiquitous, and the particular legal questions raised by Lyft's motion to compel arbitration have arisen frequently in district courts in recent months, including in this Circuit. *See Haider*, supra; *Aleksanian*, supra. District courts have waded through these issues, reaching incompatible results without clear guidance from the Circuit on either the applicability of the Section One exemption or the choice-of-law analysis that follows a finding that a class of workers is exempt under the FAA. Under these circumstances, an interlocutory appeal "*may* materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b) (emphasis added), but it would certainly, in the Court's view, conserve judicial resources in the longer term by resolving important and oft-arising legal questions.

The Court's conclusion that an interlocutory appeal is appropriate here is bolstered by the fact that Lyft has already taken an appeal from Judge Nathan's decision in *Haider v. Lyft*, which reached the same conclusion as this Court on the issue of the Section One exemption and deferred decision on the question as to whether the drivers could be alternatively compelled to arbitrate under state law. *See Haider v. Lyft*, No. 20-CV-2997 (AJN), Dkt. 62 (Opinion and Order); Dkt. 63 (notice of interlocutory appeal). The appeal has been docketed at the Second Circuit as No. 21-1113-cv, and Lyft's opening brief is due on August 12, 2021. With this appeal already proceeding, if the Second Circuit decides to hear the interlocutory appeal certified today, it may be appropriate and a preservation of judicial resources to consolidate the two cases on appeal, as they present identical legal questions.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration is denied, but the Court's

March 9, 2021 opinion and order, Dkt. 43, is hereby certified for an interlocutory appeal

pursuant to 28 U.S.C. § 1292(b). The Clerk of Court is respectfully directed to terminate Dkt. 44.

SO ORDERED.

Dated:    June 28, 2021
          New York, New York

                                            _____
                                            Ronnie Abrams
                                            United States District Judge