# MIRER MAZZOCCHI & JULIEN, PLLC

ATTORNEYS AT LAW
1 WHITEHALL STREET,
SIXTEENTH FLOOR
NEW YORK, NEW YORK 10004

JEANNE MIRER  
KRISTINA MAZZOCCHI

TELEPHONE: (212) 231-2235  
FACSIMILE: (646) 786-3861

RIA JULIEN

September 22, 2021

**VIA ECF**

Honorable Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 1506
New York, New York 10007

*Re: Islam v Lyft, Inc.* No. 1:20-cv-3004 (RA)
Letter Motion for Recertification

Dear Hon. Judge Abrams:

This firm represents Plaintiff MD Islam in the above-referenced matter. We submit this letter motion to respectfully request re-certification of this Court's order for interlocutory appeal entered on June 28, 2021. (Opinion and Order Certifying Interlocutory Appeal, Dkt. # 50).

28 U.S.C. § 1292(b) states that a petition to a circuit court of appeals must be filed within ten days after a district court's certification order. 28 U.S.C. § 1292(b); Fed. R. App. P. 5(a) (3). In this case, Plaintiff's appeal to the Second Circuit was mistakenly initiated under the incorrect procedure, by filing of a notice of appeal within thirty days, rather than the petition required to be filed within 10 days by Section 1292(b). Despite this error, the Second Circuit has, in the meantime, received notice of the issues, and has ordered a briefing schedule. It is as a result of this oversight that undersigned counsel seeks recertification to facilitate timely compliance with FRCP 1292(b) under the recertified order. Indeed, recertification of interlocutory appeals is a procedure recognized by the Second Circuit as stated in *Marisol A. v. Giuliani*, 104 F.3d 524 (2d Cir. 1996) which stands for the proposition that:

> district courts may "recertify" an order for interlocutory appeal, which the appellate court may accept upon consideration of certain factors, such as "the length of the delay," "the reasons given for failing to timely file," as well as "any prejudice to the appellee from the delay." [*Guzman v. First Chinese Presbyterian Cmty. Affairs Home Attendant Corp.*, 2021 U.S. Dist. LEXIS 101658, *2 (citing *Marisol A. v. Giuliani*, 104 F.3d 524, 528 (2d Cir. 1996)].

All such factors go to the ultimate question of whether "jurisdiction over the appeal would serve judicial efficiency" and thus "'advances the purposes of section 1292(b).'" *Marisol A. v. Giuliani*, 104 F.3d 524, 528 (2d Cir. 1996). Here the recertification of the interlocutory appeal is consistent with such purposes.

### Plaintiff's Reasons For The Delay, The Length Of The Delay, The Lack Of Prejudice, And The Unchanged Reasons For Certification All Weigh In Favor Of Recertification

All the factors relevant to recertification are met here.

    i.    Plaintiff Seeks Recertification Due to An Oversight By Counsel

The reason for the petition is an oversight by counsel. Plaintiffs' counsel only learned of their error this earlier this week upon reviewing the docket and the relevant statute. As the Second Circuit has held: "We reject the contention that an appellant's negligence completely strips the district court of discretion to recertify an interlocutory order." *Id*, at 529. Here, the reason for the request is not disqualifying and in fact it in both *Marisol* and *Guzman*, supra, attorney error was involved.

    ii.    The Original Grounds For Certification Remain Unchanged

In *Figueiredo Ferraz Consultoria E Engenharia De Projeto Ltda v. Republic of Peru*, 2010 U.S. Dist. LEXIS 9204 (S.D.N.Y. Feb. 2, 2010), the court held that "A district court may recertify an earlier order for interlocutory appeal for substantially the same reasons as the original certification." There the Court recertified issues for interlocutory appeal after defendants failed to petition the Circuit for 1292(b) within the required time period. In this case, the same reasons why this Court initially certified questions regarding the arbitrability of Plaintiff's claim for appeal still apply: the question of whether state law may apply to an arbitration agreement "governed" by the FAA remains a controlling question of law on which there are substantial grounds for difference of opinion.[1] Given the recognized importance of the certified issues to a large number of litigants, and to the instant litigation, the purposes of Rule 1292(b) are served. Indeed, when a court considers whether to grant recertification, "the focus of the inquiry, should be on ensuring that the goal of § 1292(b)—the resolution of a controlling legal question that could advance the ultimate termination of the litigation—will still be satisfied." *Marisol by Forbes v. Giuliani*, 103 F.3d at 528.

    iii.    There Has Been No Undue Delay

Plaintiff's counsel file this letter three days after learning of their error. Further, as in *Guzman*, Plaintiff is prepared to file the petition immediately upon issuance of a decision recertifying an interlocutory appeal. We note that the Second Circuit has processed the notice of appeal in this matter, and ordered a briefing schedule for our opening brief, which deadline Plaintiff is prepared to meet. That is, the briefing of the appeal would go forward on the same schedule as had Plaintiff filed the 1292(b) notice in the first instance.

---

[1] The other certified question regarding the Section 1 exemption under the FAA is one on which Plaintiff prevailed and which Plaintiff is not appealing.

### iv. Nor Is There Prejudice To Defendant

Finally, Defendant will not be prejudiced, as Lyft will still receive the full opportunity to submit any opposition to the petition. *See*, *e.g.*, *Marisol*, *supra*, at 529. Moreover, the nature of the error that forms the basis of this request is such that this petition is not made for an improper purpose. The Second Circuit warns "that the power to renew the certification should be used carefully to prevent misuse of interlocutory appeals for the purpose or with the effect of harassing an adversary or fostering delay." *Id*. at 529 (internal quotation and alterations omitted). No such facts are implicated here.

For the reasons stated above, we respectfully request re-certification of the order for interlocutory appeal entered by this Court on June 28, 2021 and sincerely apologize for any inconvenience caused. Under the circumstances, including with the briefing schedule in this matter set at the Second Circuit, the ultimate efficiency goals of 1292(b) are not compromised by recertification.

### CONCLUSION

The importance of the interlocutory appeal on the state arbitration clause for other cases, as recognized in the Court's June 28, 2021 order cannot be understated. In a decision issued in the alternative in *Haider et al v Lyft, Inc*. 20—cv-2997 (Dkt. # 92), the state arbitration question was decided under the doctrine of collateral estoppel based on this court's June 28, 2021 decision. Further in *Aleksanian v Uber*, 19-cv-10308 (ALC) and in rideshare litigation more broadly this question will be implicated.

Respectfully submitted,

By:/s/_____
Jeanne Mirer and Ria Julien
1 Whitehall, 16th Floor
New York, NY 10004
(212) 231-2235
jmirer@mmsjlaw.com
*Attorneys for Plaintiffs*