USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/03/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MD ISLAM, *on behalf of himself and those similarly situated*,

                 Plaintiff,

        v.

LYFT, INC.,

                 Defendant.

---

No.  20-CV-3004 (RA)

ORDER
DENYING RECERTIFICATION

RONNIE ABRAMS, United States District Judge:

Pending before the Court is Plaintiff's letter motion for "recertification" of the interlocutory appeal certified by this Court on June 28, 2021. *See* Dkt. 50 (certification order); Dkt. 52 (letter motion). Although Plaintiff's appeal began to proceed in the Second Circuit, *see Islam v. Lyft, Inc.*, No. 21-1772 (2d Cir.), after certification, he belatedly realized that 28 U.S.C. § 1292(b) required him to initiate his interlocutory appeal within ten days of this Court's certification order, which he did not do. Since then, the parties stipulated to withdraw the appeal before the Second Circuit. *See Islam v. Lyft, Inc.,* No. 21-1772 (2d Cir. Nov. 8, 2021), Dkt. 55.

As explained in the certification order, "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order." 28 U.S.C. § 1292(b). "A court certifying a decision for interlocutory appeal must be of the opinion that all three of these statutory conditions are met." *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, No. 11 CIV. 5968 CM, 2012 WL 2952929, at *3 (S.D.N.Y. July 18, 2012).

While recognizing that he missed the deadline to initiate his interlocutory appeal, Plaintiff

argues that recertification is proper under the Second Circuit Court of Appeals' decision in *Marisol A. ex rel. Forbes v. Giuliani*, 104 F.3d 524 (2d Cir. 1996). Pursuant to *Marisol*, district courts can "recertify" an order for interlocutory appeal when the would-be appellant missed the ten-day deadline after considering "the length of the delay," "the reasons given for failing to timely file in the circuit court," and "any prejudice to the appellee from the delay." *Id.* at 528. "The focus of this inquiry, however, should be on ensuring that the goal of § 1292(b)—resolution of a controlling legal question that could advance the ultimate termination of the litigation—will still be satisfied by allowing an interlocutory appeal." *Id.* In so holding, the Circuit "reject[ed] the contention that an appellant's negligence completely strips the district court of discretion to recertify an interlocutory order." *Id.* at 529. Rather, the would-be appellant's error is "but one factor." *Id.*; *see also Guzman v. First Chinese Presbyterian Cmty. Affs. Home Attendant Corp.*, No. 20-CV-3929 (JGK), 2021 WL 2188020, at *2 (S.D.N.Y. May 28, 2021) (recertifying an order for interlocutory appeal after party missed the ten-day deadline); *Figueiredo Ferraz Consultoria E Engenharia De Projeto Ltda. v. Republic of Peru*, No. 08 CIV. 492 (WHP), 2010 WL 431789, at *1 (S.D.N.Y. Feb. 2, 2010) (same).

In response, Defendant argues that the reasoning of *Marisol* has since been called into question by the Supreme Court in *Bowles v. Russell*, 551 U.S. 205 (2007). The Supreme Court in *Bowles* held that a district court did not have the authority to extend the statutory deadline to file a notice of appeal set by 28 U.S.C. § 2107(c) by three days. *Id.* at 213–14. In light of *Bowles*, the Courts of Appeals for the Seventh and District of Columbia Circuits have held that Section 1292(b) "sets a ten-day limit that district courts can't toll" through recertification. *Groves v. United States*, 941 F.3d 315, 324 (7th Cir. 2019); *Strange On Behalf of Strange v. Islamic Republic of Iran, Int. Section*, 964 F.3d 1190, 1201 (D.C. Cir. 2020).

The Second Circuit has not yet revisited *Marisol* in light of *Bowles*, but the Court need not decide whether *Marisol* remains good law because even if the *Marisol* test were to apply,

certification is no longer proper. Whether or not *Marisol* grants the district court the discretion to recertify an interlocutory order, recertification is inappropriate here because the resolution of the questions in this case will no longer "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

In the initial certification order, the Court identified the following two questions as being potentially appropriate for resolution by the Court of Appeals:

1. Does a driver for a national ridesharing platform belong to a "class of workers engaged in . . . interstate commerce," 9 U.S.C. § 1, such that the Federal Arbitration Act is inapplicable to the driver's contract of employment?

2. Where an arbitration clause is "governed by" the Federal Arbitration Act, but the FAA is found not to apply, may the arbitration provision be enforced under state law?

Dkt. 50 at 7–8.

In issuing the certification order, the Court relied in part on the fact that Lyft had taken an appeal of Judge Nathan's decision in *Haider v. Lyft*, which reached the same conclusion as this Court on the issue of the Section One exemption and deferred decision on the question as to whether the drivers could be alternatively compelled to arbitrate under state law. *See Haider v. Lyft*, 20-CV-2997 (AJN), Dkt. 62 (Opinion and Order); Dkt. 63 (notice of interlocutory appeal). Since the Court granted the motion to certify in this case, however, Judge Nathan issued another order in *Haider* holding that given that the FAA did not apply to Plaintiff Islam's contract with Lyft, Delaware law applied in its absence based on an updated terms of service agreement between the parties. *Haider v. Lyft*, 20-CV-2997 (AJN), 2021 WL 3475621, at *1–4 (S.D.N.Y. Aug. 6, 2021). In light of Judge Nathan's order compelling arbitration under state law, the Second Circuit held the appeal in *Haider* in abeyance. *Haider v. Lyft, Inc.*, No. 21-113 (2d Cir. Aug. 11, 2021), Dkt. 39.

Additionally, while the Court initially agreed with Plaintiff that the criteria set forth in Section 1292(b) were met, circumstances have changed during the intervening time period between

then and now. Judge Nathan's order compelling arbitration in *Haider* casts uncertainty as to whether this case involves a controlling question of law the resolution of which would materially advance the ultimate termination of the litigation. If the Second Circuit were to find that arbitration is compelled under the FAA or state law, the action will continue to be stayed pending resolution of the arbitration. *See Katz v. Cellco P'ship*, 794 F.3d 341, 344–47 (2d Cir. 2015); *Zambrano v. Strategic Delivery Sols., LLC*, No 15 CIV. 8410 (ER), 2016 WL 5339552, at *10 (S.D.N.Y. Sept. 22, 2016). Lyft argues that if the Circuit were to conclude that the FAA does not apply and that Islam was not previously required to arbitrate under New York law, *Haider* would nonetheless collaterally estop Islam from arguing that he is not required to arbitrate under Delaware law. *See* Dkt. 55 at 2. In other words, according to Lyft, regardless of how the Circuit were to rule on the questions Plaintiff seeks to certify, Plaintiff would be compelled to arbitrate. Islam disputes this, responding that he is seeking reconsideration and Section 1292(b) certification of Judge Nathan's decision as to whether Lyft can fundamentally change its arbitration agreement covering existing claims while litigation is pending. *See* Dkt. 56 at 3.

In any event, given this context, including the added wrinkle as to whether Delaware law would apply—an issue that has not yet been litigated in this case—this Court is no longer persuaded that recertification would materially advance the ultimate termination of the litigation. In order for the Circuit's ruling on the questions Plaintiff seeks to recertify to have any bearing on the outcome of this case, a series of issues would have to become ripe for decision both at the district court and circuit levels, in this case and in *Haider*, and each would have to be decided in such a way that would ultimately enable Islam to argue that no law requires him to arbitrate. The confluence of these intervening factors, which were not present at the time of the initial certification order, has created uncertainty as to whether an immediate appeal would materially advance the ultimate termination of the litigation. Given that uncertainty, the Court is no longer of the view that the questions presented

4

in this case—which, notably, do not include the question concerning Delaware law—are appropriate for certification at this time.

The Court accordingly declines to recertify for interlocutory appeal the questions certified in its June 28, 2021 Memorandum Opinion and Order, *see* Dkt. 50.


SO ORDERED.

Dated:    December 3, 2021
          New York, New York

_____
Ronnie Abrams
United States District Judge